UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER E. BROWN,<br>an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BROOKS PROPERTIES, INC.,<br>a Connecticut Corporation,<br><br>Defendant. | :<br>:<br>:  CIVIL ACTION NO.<br>:<br>:<br>:  Jury Trial Not Demanded<br>:<br>:<br>:<br>:<br>:<br>: |

**COMPLAINT**
**(Injunctive Relief Demanded)**

Plaintiff, CHRISTOPHER E. BROWN, by and through his undersigned counsel, hereby files this Complaint and sues BROOKS PROPERTIES, INC., a Connecticut Corporation, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq, ("AMERICANS WITH DISABILITIES ACT" or "ADA"), and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, CHRISTOPHER E. BROWN, (hereinafter referred to as "MR. BROWN"), is a resident of the State of New York. Plaintiff enjoys traveling to Connecticut (and numerous other places) and has visited the area where the Defendant's Property is located numerous times over the last two years.

4. MR. BROWN suffers from Arthrogryposis, which causes him to be confined to a wheelchair. The condition also causes atrophy in his arms, hands, shoulders and elbows, which makes it extremely difficult to reach for, grip and manipulate objects.

5. Due to the disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. The Defendant, BROOKS PROPERTIES, INC., (hereinafter referred to as "Defendant") is a Connecticut Corporation. Upon information and belief, the Defendant is the owner, lessee, and/or operator of a place of public accommodation, including the real property and improvements which is the subject of this action, to wit: Hitchcock Plaza generally located at 185 Boston Post Road, Orange, CT 06477.

7. All events giving rise to this lawsuit occurred in the District of Connecticut, New Haven County, Connecticut.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers Paragraphs 1 - 7 as if they were expressly restated herein.

9. The Property, a shopping plaza, is a place of public accommodation subject to the ADA.

10. MR. BROWN has visited the Property earlier this year and plans to return in the near future.

11. During his visit, MR. BROWN experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint.

12. MR. BROWN continues to desire to visit the Property, but fears that he will again encounter serious difficulty due to the barriers discussed herein which continue to exist.

13. Furthermore, but for the existing barriers to access, MR. BROWN would visit the Property more often.

14. Defendant is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.302 et. seq. and is discriminating against the Plaintiff due to Defendant's failure to provide and/or correct, *inter alia,* the following architectural barriers which Plaintiff personally encountered and which hindered his access to the Property:

> A. Plaintiff encountered inaccessible parking spaces designated for disabled use throughout the Property due to numerous spaces which are located on sloped ground and have pavement in disrepair.
>
> B. Plaintiff encountered inaccessible parking spaces designated for disabled use near Angel Hair, Hibachi Grill due to a lack of any adjacent access aisles. The remaining disabled use parking spaces had inadequate access aisles due to narrow width. Furthermore, the lot does not include any van access parking spaces.
>
> C. Plaintiff encountered inaccessible parking spaces designated for disabled use throughout the Property due to a lack of accessible signage in several sections and inadequate low signage in the remaining sections.
>
> D. Plaintiff encountered inaccessible curb ramps near Liberty Travel, Pottery Plus and Angel Hair due to steep slopes, cross slopes, steep side flares and failure to provide smooth transitions.

15. The discriminatory violations described in Paragraph 14 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

16. Furthermore, DEFENDANT continues to discriminate against the Plaintiff, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

18. Independent of his intent to return as a patron of the goods and services located at the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access discussed herein have been remedied.

19. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on DEFENDANT.

20. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

21. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by DEFENDANT pursuant to 42 U.S.C. § 12205.

WHEREFORE, the Plaintiff demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

    A. That the Court declares that the Property owned, leased and/or operated by DEFENDANT is in violation of the ADA;

    B. That the Court enter an Order directing DEFENDANT to alter the facility to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures.

    D. That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

    E. That the Court award such other and further relief as it deems necessary, just and proper.

Date: October 26, 2018.

Respectfully Submitted,


By: /s/ Louis I. Mussman
  Louis I. Mussman (ct27484)
  Ku & Mussman, P.A.
  18501 Pines Boulevard
  Suite 209-A
  Pembroke Pines, FL  33029
  Phone:  (305) 891-1322
  Fax:  (305) 891-4512
  E-mail:  louis@kumussman.com

  and

  Ioannis A. Kaloidis, Esq. (ct25510)
  The Kaloidis Law Firm, LLC
  Local Counsel
  580 Watertown Avenue
  Waterbury, CT  06708
  Tel: (203) 597-0010
  Fax: (203) 597-0024
  john@kaloidislaw.com

  Attorneys for Plaintiff